UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**CV-15 2247**

-----------------------------------------------------------x

KBM WORLDWIDE, INC.                     :

                        Plaintiff,      :       Civil Action No.:

        -against-                       :       **BIANCO, J.**

CROSS CLICK MEDIA, INC.,                :       **LINDSAY, M.**
GARY R. GOTTLIEB, KURTIS A.             :
KRAMARENKO AND MILTON CHARLES           :
AULT,                                   :

                                        :

                                        :
                        Defendants.     :
                                        :
----------------------------------------------------------- x

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  APR 21 2015  ★

LONG ISLAND OFFICE

## COMPLAINT

Plaintiff, KBM Worldwide, Inc. ("KBM"), files this Complaint and alleges the following:

### I. SUMMARY

1.      KBM brings this action for equitable relief and damages caused by violations of the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(b) thereunder, as well as breaches of contract and tortious misconduct by Gary R. Gottlieb ("Gottlieb"), Kurtis A. Kramarenko ("Kramarenko"), Milton Charles Ault ("Ault") and Cross Click Media, Inc. F/K/A Co-Signer, Inc. ("the Corporate Defendant"), (collectively, jointly and severally, with Gottlieb, Kramarenko, and Ault, "the Defendants"). Through this action, KBM seeks to recover losses caused by the Defendants' intentional and/or reckless misconduct, including compensatory and/or rescissory damages, which losses may only be avoided if the equitable relief and injunctive relief described herein below is granted.

2.      That at all relevant times, Gottlieb was and remains the Secretary of the Corporate Defendant and Kramarenko was and remains its Chief Executive Officer. That in addition, upon information and belief, Ault at all relevant times has been and remains the principal

shareholder of the Corporate Defendant, owning a majority of the stock thereof, giving him total and unfettered control of the actions of the Corporate Defendant, which he manipulates and controls through Gottlieb and Kramarenko who act at his behest. Thus, upon information and belief, the actions undertaken by the Defendants that are complained of herein, were performed at the instruction and direction of Ault, in derogation of KBM's rights. Gottlieb, Kramarenko and Ault are herein referred to from time to time as "the Individual Defendants".

3.     That KBM was an investor in the Corporate Defendant and was well-known to the Defendants. KBM's business strategy at the time of the stock purchases and loans and issuance of notes at issue was to invest in publicly-traded, nano-cap companies whose securities are traded on the Over the Counter Bulletin Board, OTCQB and the "Pink Sheets." Nano-cap companies, such as the Corporate Defendant, are often capital-constrained, as their low market capitalization hinders their access to banks or investment firms. KBM provides capital to such companies, as an investment in return for shares purchased at a discount to market price.

4.     That KBM invested $108,000 in the Corporate Defendant by purchasing securities directly from the Corporate Defendant and making loans thereto, and has sustained damages in excess of $150,000, exclusive of attorney's fees, pre judgment interest and costs.

## II.     JURISDICTION AND VENUE

5.     This action arises under the anti-fraud provisions of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)), and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. §240.10b-5). The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Defendants, directly and indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, or of the mails in

2

connection with the acts, practices and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York.

6.      Venue is proper in this court pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b), because certain of the transactions, acts, practices, and courses of conduct constituting violations of duties established by the Federal Securities Laws occurred within this judicial district.  Additionally, KBM transacts business and maintains its principal place of business in this district.

7.      That in connection with the acts alleged in this Complaint, the Defendants directly or indirectly used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

## III. PARTIES

8.      That at all times relevant herein, KBM has been and remains a corporation organized and existing under the laws of the State of New York with an office for business in the County of Nassau, not engaged in the banking business.

9.      That at all times relevant herein, the Corporate Defendant has been and remains a corporation organized and existing under the laws of the State of Nevada, within an office for business in the State of Nevada, County of Clark.

10.     That at all times relevant herein, defendant Gottlieb has been and remains a resident of the State of California, County of Los Angeles,  Kramarenko has been and remains a resident of the State of Michigan, County of Ingham, and Ault has been and remains a resident of the State of California, County of Orange.

3

## IV.   **FACTUAL ALLEGATIONS**

11.   That heretofore and from time to time, the Defendants have made material misrepresentations of fact to KBM, knowing that such misrepresentations were false, and upon which KBM relied and was damaged.

12.   That as a result of these material misrepresentations, KBM invested $108,000 in the Corporate Defendant and sustained damages thereby.

AS AND FOR A FIRST CAUSE OF ACTION
PROMISSORY NOTES DEFAULTS

13.   KBM repeats and realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth at length herein.

14.   That on or about June 25, 2014, the Corporate Defendant, as borrower, made, executed and delivered to KBM a convertible promissory note ("the June Note") in the amount of $32,500.00, which Note was issued pursuant to a Securities Purchase Agreement ("the June Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Corporate Defendant.

15.   That on or about September 24, 2014, the Corporate Defendant, as borrower, made, executed and delivered to KBM a convertible promissory note ("the September Note") in the amount of $32,500.00, which Note was issued pursuant to a Securities Purchase Agreement ("the September Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Corporate Defendant.

16.   That on or about December 4, 2014, the Corporate Defendant, as borrower, made, executed and delivered to KBM a convertible promissory note ("the December Note" and together with the June Note and the September Note, collectively, the "Notes") in the amount of $43,000.00, which note was issued pursuant to a Securities Purchase Agreement ("the December

4

Agreement" and together with the June Agreement and the September Agreement, collectively, the "Agreements") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Corporate Defendant.

17.    That the Agreements between the parties provided that venue for any action between the parties would be the State of New York, County of Nassau.

18.    That in the Notes, the Corporate Defendant: (i) granted KBM the right to convert all or any part of the outstanding and unpaid principal amount and accrued interest of the Note into fully paid and non-assessable shares of common stock of the Corporate Defendant; and (ii) agreed that an Event of Default of the Note shall occur upon the failure of the Corporate Defendant to timely issue shares of common stock of the Corporate Defendant to KBM upon receipt of a conversion notice delivered pursuant to the Note.

19.    That on or about March 24, 2015, KBM made, executed and delivered to the Corporate Defendant a conversion notice ("Conversion Notice") in accordance with the June Note with respect to the conversion of $3,350.00 of the June Note's principal balance into 55,833,333 shares of common stock of the Corporate Defendant, hereinafter referred to as the "Conversion Shares". That conversion was successfully completed.  That on or about March 26, 2015, an additional conversion of $7,840.00 of the principal of said June Note was successfully converted into 130,666,667 shares of the Corporate Defendant.  That these two conversions reduced the principal balance by like amounts, however, because the Corporate Defendant had defaulted under the June Note, the amount of principal was raised from $32,500 to $48,750. That as a result of the foregoing, there remains due and unpaid $37,560 of principal under that June Note.

20.    That on March 30, 2015, KBM issued an additional conversion notice for $15,315 of principal under the June Note which was convertible into 255,250,000 shares of the Corporate

5

Defendant. Pursuant to the Note and the Securities Agreement, the Corporate Defendant was required to issue and deliver within three days of the Conversion Notice, said shares of the common stock of the Corporate Defendant to KBM. However, the Corporate Defendant failed to do so and defaulted due to the fact that in violation of the Notes and Agreements, it had failed and refused to maintain sufficient shares of stock to permit the conversion to go forward and to be completed. This was a fundamental breach of the Corporate Defendant's obligations under the Notes and Agreements. That stated otherwise, under the Notes and Agreements, it is the contractual obligation of the Corporate Defendant to cause such shares as are necessary to permit conversion to be issued and held in reserve for the protection of KBM so that such reserve shares would be issued outstanding and available as and when KBM wishes to commence the conversion process. That due to a reduction in the price or value of the Corporate Defendant's stock, no shares remained in reserve and yet the Corporate Defendant and the Individual Defendants failed to take any action to cause additional shares to become issued and outstanding so that they could be held in reserve to meet KBM's conversion requests.

21.     That as a result of this default, a Notice of Default was served by KBM's counsel upon the Corporate Defendant. This default was never cured. A copy of the Notice of Default is annexed hereto and incorporated herein by reference.

22.     That the Corporate Defendant has willfully and unlawfully refused to take such steps as are necessary to create additional reserved shares and as a result has failed to deliver the Conversion Shares in violation of its conversion obligations pursuant to the June Note and June Agreement at the direction of Gottlieb and Kramarenko, which actions were beyond the scope of their status and duties as Officers of the Corporate Defendant, and instead were undertaken for their own personal gain and benefit. That moreover, the actions of Gottlieb and Kramarenko,

6

and their failure to cause the issuance of additional reserved shares were, upon information and belief taken at the instructions and behest of Ault.

23.    That the defendants Gottlieb and Kramarenko expressly failed to direct the Corporate Defendant to create and issue additional reserve shares of the Corporate Defendant for the sole purpose and intention of creating a scenario where there would be insufficient shares to allow the conversion process to go forward and to deliver the stock to which KBM was entitled. This represents a deliberate effort to manipulate the price of the stock on the open market in violation of the Federal Securities Laws, and for Gottlieb's and Kramarenko's own personal benefit to obtain higher prices for their shares.  That once again, on information and belief, these actions were undertaken at the behest of Ault, who is in effective practical and voting control of the Corporate Defendant and the other Individual Defendants.

24.    That the Notes contain a provision known as and referred to as a "cross default" provision that expressly provides that a breach or default by the Corporate Defendant of any covenant or other term or condition contained in any Note due to KBM shall be considered a default under all Notes due to KBM.

25.    That by virtue of the foregoing, the Corporate Defendant is in default under the first Note and is also in default under all subsequent Notes, and no such defaults have been cured.

26.    That the Corporate Defendant and the Individual Defendants have not cured the defaults with respect to the failure to deliver the Conversion Shares thereby causing damages to KBM in an amount to be determined by the Court but not less than an amount equal to the existing and remaining principal balance under the Notes, which is calculated as $37,560.00 for the June Note, $65,000.00 for the September Note and $86,000.00 for the December Note, for a total principal of $188,560.00 together with applicable interest thereon.  These additional

damages arise from the fact that the Notes expressly provide that in the event of an uncured default, the obligor will be responsible for payment of twice the amount of the principal balance then due as liquidated damages and not as a penalty.

27.     That Section 1.4(g) of the Notes provides that the Corporate Defendant shall pay to KBM $2,000 per day, in cash, for each day that the Corporate Defendant fails to deliver the Conversion Shares to KBM following the third (3rd) business day after receipt of the Conversion Notice by KBM, also as liquidated damages and not as a penalty.

28.     That moreover, pursuant to Section 1.4(g) of the Notes, Corporate Defendant acknowledged that the liquidated damages provision contained in Section 1.4(g) are justified as damages resulting from a failure, attempt to frustrate, interference with the conversion rights are difficult if not impossible to qualify.

29.     That the Corporate Defendant and the actions of the Individual Defendants have caused damages to KBM in an amount to be determined by the Court but not less than an amount equal to $188,560 together with applicable interest thereon.

AS AND FOR A SECOND CAUSE OF ACTION
FRAUD IN THE INDUCEMENT

30.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth at length herein.

31.     That KBM made an investment in the aggregate amount of One Hundred Eight Thousand Dollars ($108,000.00) in the Corporate Defendant as a result of the foregoing transactions and as a result of the Defendants' defaults and intentional wrongdoing has not received any payment of principal or interest on the Notes other than as stated above, and has also been deprived of its rights and opportunities to convert the debt into Conversion Shares as aforesaid.

8

32.     That KBM's willingness to assent to the terms of the investment and the Notes, and the investment itself, was caused by the fraudulent misrepresentations of the Corporate Defendant and the Individual Defendants contained within the Notes, Agreements and confirmed resolutions of the Board of Directors and Officers Resolutions of the Corporate Defendant including but not limited to the representations that the Corporate Defendant would not fail to issue shares of common stock in conversion of the Notes, which misrepresentation was the most crucial and important of all because it was always the bargain for expectation of KBM and the intention of the parties that the repayment of these Notes would occur via the conversion process.

33.     That upon information and belief, the Corporate Defendant and the Individual Defendants, acting in concert and based upon a conspiracy between them, made the foregoing misrepresentations with the knowledge that KBM would rely thereon, and that the Corporate Defendant had no intention to honor its obligations under the Note, the Agreement; and the Individual Defendants acted unilaterally, outside of the scope of their status and duties as Officers and for their own personal gain solely to hinder, delay and avoid the Corporate Defendant's conversion obligations pursuant to the Note and Agreement.

34.     That as a result of the foregoing, KBM has been irreparably harmed.

35.     That the Corporate Defendant's and Individual Defendant's actions have caused damages to KBM in an amount to be determined by the Court but not less than an amount equal to $200,000 together with applicable interest thereon.

AS AND FOR A THIRD CAUSE OF ACTION<br>BREACH OF CONTRACT – LOST PROFITS

36.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth at length herein.

37.     That as a direct result of the defaults of the Defendants and their failure to abide by their contractual obligations, KBM has been deprived of, and continues to be deprived of, the

opportunity to acquire and to sell the common stock of the Corporate Defendant at a profit, which profits have been irretrievably lost as the markets for the common stock can no longer be recreated.

38.     That by reason of the foregoing, KBM is entitled to judgment in an amount to be determined by the Court and equal to the lost profits that KBM would have realized had the stock been made available and delivered to KBM in accordance with its Conversion Notice.

## AS AND FOR A FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT – LITIGATION EXPENSES

39.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth at length herein.

40.     That the Agreements provide that in the event of a dispute and/or litigation between the parties, the prevailing parties shall be entitled to recover all of its litigation expenses including reasonable attorney fees.

41.     That by reason of the foregoing, KBM is entitled to a judgment against Defendants for the reasonable legal fees and litigation expenses paid or incurred in this action.

## AS AND FOR A FIFTH CAUSE OF ACTION FRAUD:
## VIOLATIONS OF SECTION 10(b) of the EXCHANGE ACT
## [15U.S.C. §78j(b) and Rule 10(b)-5b THEREUNDER [17 C.F.R.§240.10b-5 (b)]

42.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth at length herein.

43.     That through the foregoing conduct, the Corporate Defendant, together with and acting in concert with the Individual Defendants, knowingly and recklessly engaged in manipulation and deceptive conduct in connection with a securities transaction in violation of 15U.S.C. §78j(b) and the Rules and regulations promulgated thereunder, by failing to disclose and misrepresenting the true nature of their intentions as set forth above.

44.     That the Defendants further engaged in knowing manipulation and deceptive conduct by directly representing and warranting that the Corporate Defendant and the Individual Defendants would honor its obligations pursuant to the Notes, Agreements and Guarantee when in truth and in fact had no intention to do so.

45.     That in reliance on the foregoing misrepresentations and material omissions by the Defendants, KBM was induced to purchase the Corporate Defendant's securities and to make loans to the Corporate Defendant as aforesaid.

46.     That as a direct and proximate result of the Defendant's conduct, KBM suffered damages, in an amount to be determined by the Court, for not less than $200,000.

### AS AND FOR A SIXTH CAUSE OF ACTION – THE INTENTIONAL INTERFERENCE WITH KBM'S CONTRACTUAL RIGHTS

47.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth at length herein.

48.     That the Individual Defendants, with knowledge of the contractual obligations of the Corporate Defendant, intentionally and unjustifiably interfered with the business relationship between KBM and the Corporate Defendant by causing the Corporate Defendant to deliberately and without justification refuse to permit the conversion process to be completed as described above, and to deliver the stock to KBM as aforesaid.

49.     That as a direct and proximate result of the foregoing, the Individual Defendants intentionally interfered with the contracts between KBM and the Corporate Defendant, causing the Corporate Defendant to breach those contracts in tortuous contravention of the rights of KBM.

50.     That by virtue of the foregoing, KBM is entitled to judgment against the Individual Defendants in an amount to be determined by the Court.

11

## AS AND FOR A SEVENTH CAUSE OF ACTION – INJUNCTIVE AND EQUITABLE RELIEF

51.    KBM repeats and realleges each and every allegation contained in paragraphs 1 through 50 of this Complaint with the same force and effect as if fully set forth at length herein.

52.    That the total amount of principal due to KBM is $188,560 exclusive of any additional liquidated damages, consequential damages, default interest, statutory prejudgment interest, legal fees, court costs and litigation expenses.

53.    That while KBM is clearly entitled to a money judgment, the Corporate Defendant is clearly incapable of satisfying any such judgment obtained.

54.    That in recent filings required under the Federal Securities Laws the Corporate Defendant represented to the Securities and Exchange Commission and potential investors that its debts and liabilities exceed its assets, such that it must be considered to be insolvent.

55.    That the Corporate Defendant also represented therein that it was operating at a loss, and that it would therefore be unable to pay its debts, thereby also demonstrating that the Corporate Defendant is insolvent, and that any judgment rendered against the Corporate Defendant will almost certainly be uncollectable.

56.    That the only viable avenue available to KBM to obtain repayment of the outstanding Notes is by exercising its conversion rights and thereby obtaining unrestricted shares of stock in the Corporate Defendant and selling those shares on the open market.

57.    That at present there is an active market for the Corporate Defendant's stock which continues to trade in significant volume.

58.    That so long as that activity continues and assuming that KBM's conversion rights are not frustrated or impeded, KBM will be able to obtain the unrestricted shares, sell them in the market place, and recover the outstanding principal indebtedness owed to it as well as anticipated profits.

12

59.   That the market for the shares of stock in the Corporate Defendant is extremely volatile, such that there can be no assurance that the current level of activity will continue to be sustained.

60.   That if as and when such trading subsides or is curtailed, any shares obtained by KBM may at that time no longer be saleable thereby preventing KBM from recovering the indebtedness due it, thereby leading to irreparable harm based on unrecoverable judgments.

61.   That time is of the essence, and to prevent KBM from suffering such irreparable harm, KBM must immediately be permitted to exercise its conversion rights, and the Defendants must be immediately directed to cooperate with the same and to deliver the shares of stock at issue.

62.   That because of the nature, condition, and value of the stock which KBM seeks to acquire in this action is unique to it under the facts and circumstances presented, and because KBM will suffer and sustain irreparable damage that cannot be recovered through a money judgment against the Defendants, KBM has no adequate remedy at law and is entitled to equitable relief.

63.   That by virtue of the foregoing, KBM is entitled to and demands a judgment directing the Defendants to cause additional and sufficient shares of stock in the Corporate Defendant to be issued, so that such shares may be the subject of successful conversions, both as to the March 2015 conversion that remains incomplete as well as all further and future conversions, and therefore the Corporate Defendant and the Individual Defendants must be caused and ordered to execute and deliver all documents necessary to complete the conversion process and to deliver the stock sought by KBM and to which it is contractually entitled in the form of a mandatory injunction.

<u>AS AND FOR AN EIGHTH CAUSE OF ACTION</u>

13

64.     KBM repeats and realleges each and every allegation contained in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth at length herein.

65.     That in addition to the other obligations referenced above, the Corporate Defendant, pursuant to the terms of the Notes and Agreements, was and remains obligated to maintain, create and file all necessary forms with the Securities and Exchange Commission as required under the Federal Securities Laws, including but not limited to, quarterly Form 10-Qs and annual Form 10-Ks.

66.     That this filing requirement was and remains a fundamental term of the transactions at issue because unless the Corporate Defendant is in compliance with its reporting obligations under the Federal Securities Laws, its stock cannot be traded on the open market, KBM will be unable to convert the debt referenced above into stock of the Corporate Defendant for purposes of sale, thus entirely thwarting the entire purpose of the transactions at issue.

67.     That the Corporate Defendant has failed to meet its most recent reporting requirement, thus failing to comply with the Federal Securities Laws, and causing its stock to be in a position where it can no longer be traded on the open market, in violation of the terms and provisions of the Notes and Agreements.

68.     That by reason of the foregoing, KBM is entitled to a judgment in an amount to be determined by the Court, but no less than $200,000.

WHEREFORE, KBM demands judgment against Defendants as follows:

    (i)      For $200,000 on the First Cause of Action;

    (ii)     For $200,000 on the Second Cause of Action;

    (iii)    For an amount of lost profits to be determined by the Court but in no event less than $200,000 on the Third Cause of Action;

(iv)     Awarding KBM its reasonable legal fees and costs of litigation on the Fourth Cause of Action;

(v)     For an award of consequential damages in an amount to be determined by the Court but no less than $200,000 on the Fifth Cause of Action;

(vi)     For an award of consequential damages in an amount to be determined by the Court but no less than $200,000 on the Sixth Cause of Action;

(vii)     For a temporary restraining order and a preliminary and permanent injunction against the Defendants directing that said Defendants and their agents, servants and employees immediately take all steps necessary and proper to permit the conversion of debt to stock and to deliver the stock at issue as described above on the Seventh Cause of Action;

(viii)     For an award of damages in an amount to be determined by the Court, but no less than $200,000 on the Eighth Cause of Action; and

(ix)     Together with the costs and disbursements of this action, interest at the rate of default as set forth in the Note; pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
     April 15, 2015

NAIDICH WURMAN LLP

By: _____
    Richard S. Naidich, Esq. (RSN 4102)
    111 Great Neck Road, Suite 214
    Great Neck, NY 11021
    Telephone:    516-498-2900
    Facsimile:    516-466-3555
    Attorneys for Plaintiff – KBM WORLDWIDE, INC.

15